IN THE SUPREME COURT OF NORTH CAROLINA

No. 214A19

Filed 1 November 2019

IN THE MATTER OF: J.E.

Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from an order entered on 25 February 2019 by Judge Jimmy Myers in District Court, Davie County. This matter was calendared in the Supreme Court on 4 October 2019 but was determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

*No brief filed for petitioner-appellee Davie County Department of Social Services.*

*Parker Poe Adams & Bernstein LLP, by Stephen V. Carey, for Guardian ad Litem.*

*Mary McCullers Reece for respondent-appellant mother.*

BEASLEY, Chief Justice.

Respondent, the mother of J.E. (Jason)[1], appeals from the trial court's 25 February 2019 order terminating her parental rights. Respondent's counsel has filed a no-merit brief pursuant to N.C. R. App. P. 3.1(e). We conclude that the issues identified by counsel in respondent's brief lack merit and affirm the trial court's order.

---

[1] A pseudonym is used to protect the identity of the juvenile and for ease of reading.

The Davie County Department of Social Services (DSS) has been involved with respondent and her family since November 2016. On 18 November 2016, DSS received a child protective services report that Jason arrived at pre-school with a pill bottle containing twenty-four pills and labeled with respondent's name. Upon further assessment, respondent reported to a social worker that she had an addiction issue and most recently used cocaine on 17 November 2016 while supervising Jason. Respondent also reported that on 22 November 2016, she and her boyfriend were involved in a domestic altercation while Jason was present. On 28 November 2016, DSS obtained nonsecure custody of Jason and filed a petition alleging that Jason was a neglected and dependent juvenile. Following an adjudication hearing held on 6 February 2017, the trial court entered an order adjudicating Jason as a neglected and dependent juvenile.

On 10 October 2018, DSS filed a petition to terminate respondent's parental rights on the grounds of neglect and willfully leaving Jason in placement outside of the home for more than twelve months without showing reasonable progress to correct the conditions that led to his removal. *See* N.C.G.S. § 7B-1111(a)(1)–(2) (2017). Following hearings held on 7 January and 4 February 2019, the trial court entered an order on 25 February 2019 terminating respondent's parental rights on both grounds alleged by DSS. Respondent gave timely notice of appeal to this Court pursuant to N.C.G.S. §§ 7A-27(a)(5) and 7B-1001(a1)(1).

Respondent's counsel has filed a no-merit brief on behalf of respondent pursuant to Rule 3.1(e) of the North Carolina Rules of Appellate Procedure. Counsel has advised respondent of her right to file *pro se* written arguments on her own behalf with this Court, and counsel has provided respondent with the documents necessary to do so. Respondent has not submitted any written arguments.

We independently review issues contained in a no-merit brief filed pursuant to appellate rule 3.1(e). *In re L.E.M.*, 831 S.E.2d 341, 345 (N.C. 2019). Respondent's counsel identified two issues that could arguably support an appeal but stated why she believed both of these issues lacked merit. Based upon our careful review of the issues identified in the no-merit brief in light of our consideration of the entire record, we are satisfied that the trial court's 25 February 2019 order was based on "clear, cogent, and convincing evidence" supporting statutory grounds for termination of parental rights. *See* N.C.G.S. § 7B-1109(f). Accordingly, we affirm the trial court's order terminating respondent's parental rights.

AFFIRMED.